**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:16-CV-00964-WJM-KHR

STEVEN POWELL

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

    Defendant.

---

**AMENDED PROPOSED FINAL PRETRIAL ORDER**

---

**1. DATES AND APPEARANCES**

The Final Pretrial Conference in this matter was held on December 18, 2017, at 11:00 a.m., in Courtroom A-801 before the Honorable Magistrate Judge Kelly H. Rankin.

**Appearing for Plaintiff Steven Powell:**

    Michael J. Rosenberg
    THE GOLD LAW FIRM, L.L.C.
    7375 East Orchard Road, Suite 300
    Greenwood Village, CO 80111
    Phone: (303) 694-4653
    Fax: (303) 468-6155
    Email: mike@thegoldlawfirm.net

**Appearing for Defendant Allstate Fire & Casualty Insurance Company:**

    Kurt H. Henkel
    TUCKER HOLMES, P.C.
    Quebec Centre II, Suite 300
    7400 East Caley Avenue

Centennial, CO  80111-6714
Phone:  (303) 694-9300
Fax:  (303) 694-9370
E-mail: khh@tucker-holmes.com

## 2. JURISDICTION

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of costs and interest.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff:**  In this action, Plaintiff seeks to have benefits determined and paid under the terms of his underinsured motorist (UIM) policy with the Defendant, in connection with an automobile accident which took place on August 5, 2014, in Colorado Springs, Colorado.  Plaintiff was significantly and permanently injured in the accident and he incurred approximately $100,000 in past economic losses / damages as a result.  Plaintiff is likely to incur future economic losses relating to the accident as well, including lost earnings and medical expenses, which could exceed $80,000.  Plaintiff has been paid a total of $125,000 to date for the damages caused by the motorist who injured him, and Plaintiff is seeking an additional $100,000 in damages (the limit of his UIM coverage) under the terms of his UIM policy with the Defendant.  In addition, Plaintiff seeks non-economic damages resulting from Defendant's bad faith claim handling, two-times the covered benefit which the jury determines was unreasonably delayed and denied by the Defendant pursuant to Colorado statute, C.R.S. § 10-3-1115 and -1116, costs and

reasonable attorney's fees per these same statutes, and all pre- and post-judgment interest permitted by law.

**Defendant:**  Defendant(s): Defendant denies any allegations it has failed to pay UM benefits owed or violated C.R.S. § 10-3-1115 & 1116 and states that this is a case where the parties have a good faith and reasonable dispute regarding the value of the subject insurance claim. At all times, Defendant has acted reasonably and in good faith. Defendant promptly evaluated all information that was provided by Plaintiff in support of his claim. Defendant promptly made settlement offers to Plaintiff, including upon learning new information. Instead of engaging in good faith negotiation or settlement discussions with Defendant, Plaintiff filed this lawsuit prior to allowing Defendant to complete its evaluation of newly received information.

Further, Defendant maintains the following affirmative defenses:

1. The alleged injuries and damages, if any, may have been caused by the comparative negligence of Plaintiff, precluding or reducing any recovery

2. Plaintiff may have failed to take such reasonable steps as would have mitigated or minimized the alleged injuries and damages, precluding recovery on these injuries and damages.

3. The claims presented are barred, reduced, limited, restricted, excluded and otherwise governed by the provisions of the applicable automobile insurance policies issued by Allstate.

4. Plaintiff's damages, if any, may be barred or limited by the provisions of C.R.S. § 13-21-102.5.

5. Plaintiff's claims and damages are limited by setoffs which Allstate is entitled to effect.

6. Plaintiff's claims may be barred or reduced by the provisions of C.R.S. §§ 10-3-1115 and 10-3-1116.

## 4.  STIPULATIONS

1. On August 5, 2014, Plaintiff Steven Powell was involved in an automobile vs. motorcycle accident with a vehicle driven by Jose Baca.

2. At the time of the August 5, 2014 collision, Plaintiff was covered under Allstate Fire & Casualty Insurance Company Policy number 964 801 042, for Uninsured/Underinsured Motorists ("UM/UIM") bodily injury coverage, with policy limits of $100,000 each person/$300,000 each occurrence.

3. Defendant has not made any payments under automobile policy number 964 801 042.

## 5. PENDING MOTIONS

Defendant's Motion for Partial Summary Judgment [Doc. No. 39] was filed on July 7, 2017; Plaintiff filed his Response [Doc. No. 44] on August 1, 2017. Defendant's Reply [Doc. No. 48] was filed on August 18, 2017. This Motion is fully briefed and awaiting the Court's ruling.

## 6. WITNESSES

a.  List the nonexpert witnesses to be called by each party.  List separately:

(1)  witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

**Plaintiff intends to call the following nonexpert witnesses at trial**:

i.  <u>Steven Powell</u>, address and phone number previously disclosed, will testify <u>in person</u> concerning the accident, the nature and extent of his injuries, the treatment he has received for his injuries, his dealings with the Defendant, the medical and other economic costs he has incurred as a result of the accident, and other pertinent matters.

ii.  <u>Christina Powell</u>, address and phone number previously disclosed, is the wife of Steven Powell and will testify <u>in person</u> concerning her husband's pre- and post-accident mental and physical health, as well as the impact the accident has had on her relationship with her husband.

iii.  <u>Linda May</u>, address and phone number previously disclosed, is an employee of the Defendant who was involved in the handling of Plaintiff's underinsured motorist (UIM) claim and is expected to testify <u>in person</u> concerning all aspects of the Defendant's investigation and decision-making on the claim, her training and experience in handling similar claims while employed by the Defendant, and the Defendant's policies, procedures and expectations of its adjusters when handling UIM claims.

**Defendant intends to call the following nonexpert witnesses at trial:**

i.  <u>Aaron Johnson</u>, address and phone number previously disclosed, will testify <u>in person</u> as a representative and on behalf of Defendant with respect to the claim

handling performed by its employees, including without limitation, Linda May (who, to date, has been medically unavailable to testify). He will also testify as to the claim handling practices and procedures of Defendant, as well as his own background, training and experience.

      ii.      Pete Miller, address and phone number previously disclosed, will testify in person regarding his role, as the evaluation consultant, in the handling of Plaintiff's claim. He will testify about his review and evaluation of Plaintiff's claim, as well as his own background, training and experience.

      iii.      Tom Linton, address and phone number previously disclosed, will testify in person regarding his role as the claim handler tasked with the ongoing investigation of Plaintiff's claim subsequent to litigation, as well as his own background, training and experience.

      iv.      Mike Vink, address and phone number previously disclosed, will testify in person regarding his role, as the evaluation consultant, in the handling of Plaintiff's claim. He will testify about his review and evaluation of Plaintiff's claim, as well as his own background, training and experience.

      (2)      witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)); and

**Plaintiff may call the following nonexpert witnesses at trial:**

    i.      <u>Jose Baca</u>, address and phone number previously disclosed, is the driver of the automobile which caused the subject accident and Plaintiff's injuries and may testify <u>in person</u> concerning the nature of the accident and his liability for the same.

    ii.     <u>Rosalie Sandoval</u>, address and phone number previously disclosed, was a passenger in the automobile driven by Jose Baca and may testify <u>in person</u> concerning the accident and Mr. Baca's liability for the same.

    iii.    <u>Corporal Galen Steel</u>, address and phone number previously disclosed, is a police officer with the Fountain, Colorado police department who responded to the scene of the accident and drafted a report respecting the same and may testify <u>in person</u> to his investigation of the accident, statements made to him at the scene of the accident by the parties and other eyewitnesses, and his conclusions respecting the cause of the accident.

    iv.     <u>Mark Wilson</u>, address and phone number previously disclosed, is Plaintiff's brother-in-law and may testify <u>in person</u> about Plaintiff's pre- and post-accident mental and physical health, and the impact Plaintiff's injuries have had on his relationships and activities.

    v.      <u>Rose Wilson</u>, address and phone number previously disclosed, is Plaintiff's sister and may testify <u>in person</u> about Plaintiff's pre- and post-accident mental and physical health, and the impact Plaintiff's injuries have had on his relationships and activities.

-8-

vi.     Anthony Damien, address and phone number previously disclosed, is a co-worker of Plaintiff and may testify in person about Plaintiff's pre- and post-accident mental and physical health, pre- and post-accident employment, and the impact Plaintiff's injuries have had on his ability to work.

vii.    Pete Miller, address and phone number previously disclosed, is an employee of the Defendant who was involved in the handling of Plaintiff's UIM claim and may testify in person concerning all aspects of the Defendant's investigation and decision-making on the claim, his training and experience in handling similar claims while employed by the Defendant, and the Defendant's policies, procedures and expectations of its adjusters when handling UIM claims.

viii.   Tom Linton, address and phone number previously disclosed, is an employee of the Defendant who has knowledge of the handling of Plaintiff's UIM claim and may testify in person concerning all aspects of the Defendant's investigation and decision-making on the claim, his training and experience in handling similar claims while employed by the Defendant, and Defendant's policies, procedures and expectations of its adjusters when handling UIM claims.

**Defendant may call the following nonexpert witnesses at trial:**

i.      Corporal Galen Steel, address and phone number previously disclosed, is a police officer with the Fountain, Colorado police department who responded to the scene of the accident and drafted a report respecting the same and may testify in person to his investigation of the accident, statements made to him at the scene of the accident

by the parties and other eyewitnesses, and his conclusions respecting the cause of the accident.

(3) witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

**Plaintiff may call the following witnesses by deposition:**

i. <u>Michael Vink</u>, address and phone number previously disclosed, is an employee of the Defendant who was involved in the handling of Plaintiff's UIM claim and his deposition testimony (transcript attached hereto as **Exhibit 1**) may be introduced at trial should Defendant not make him available to testify in person.

ii. <u>Aaron Johnson</u>, address and phone number previously disclosed, is an employee of the Defendant who was designated to provide deposition testimony pursuant to Fed. R. Civ. P. 30(b)(6) concerning the Defendant's investigation and handling of Plaintiff's UIM claim and his deposition testimony (transcript attached as **Exhibit 2**) may be introduced at trial depending on time and need.

**Defendant may call the following witnesses by deposition:**

i. <u>None</u>.

b. List the expert witnesses to be called by each party. List separately:

(1) witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

**Plaintiff intends to call the following expert witnesses at trial**:

      i.      <u>Zachary Warzel</u>, address and phone number previously disclosed, is a specially-retained expert witness in the field of insurance claim handling who is expected to testify <u>in person</u> to the opinions contained in his previously disclosed expert report respecting Defendant's bad faith claim handling, and the reasons and bases for such opinions.

      ii.      <u>David L. Reinhard, MD</u>, address and phone number previously disclosed, performed an independent medical examination of the Plaintiff following the accident and authored a report which was provided to the Defendant during its investigation and handling of Plaintiff's UIM claim and is expected to testify <u>in person</u> to his findings and conclusions respecting Plaintiff's injuries and their permanency, and other pertinent matters as more fully set forth in Plaintiff's expert witness disclosures.

      iii.      <u>Vicky R. Jensen and Aubrey Corwin</u>, addresses and phone numbers previously disclosed, are employees of Vocational Diagnostics, Inc., and were involved in the preparation of a vocational rehabilitation assessment and life care plan for Plaintiff following the accident that was provided to the Defendant during its investigation and handling of Plaintiff's UIM claim and are expected to testify <u>in person</u> to their findings and conclusions respecting Plaintiff's future care needs and costs, and other pertinent matters as more fully set forth in Plaintiff's expert witness disclosures.

**Defendant intends to call the following expert witnesses at trial:**

      i.      <u>Jon Sands</u>, Esq., address and phone number previously disclosed, is a retained expert witness in the area of insurance claim handling who will testify <u>in person</u>

about his review, analysis and expert opinions regarding the claim handling of Defendant, including without limitation, with respect to the reasonableness of said claim handling and its conformance with insurance industry standards. His testimony will include the facts and opinions set forth in the reports which have been disclosed, as well as the reasons and bases for his opinions, and his background, training and experience.

ii. <u>Dr. Gwendolyn Henke</u>, MD, address and phone number previously disclosed, is a retained medical expert who will testify <u>in person</u> about her review of Plaintiff's medical records and her independent medical examination of Plaintiff. She will testify about her findings and opinions with respect to Plaintiff's relevant medical condition. His testimony will include the facts and opinions set forth in the reports which have been disclosed, as well as the reasons and bases for her opinions, and her background, training and experience.

iii. <u>Ruthe Hannigan</u>, MS, ABVE/D, address and phone number previously disclosed, is a retained expert who will testify <u>in person</u> about the vocational evaluation of Plaintiff that she performed. She will testify regarding her findings and opinions as set forth in reports previously provided to Plaintiff, as well as the reasons and bases for her opinions, and her background, training and experience.

(2) witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

**Plaintiff may call the following expert witnesses at trial**:

i.-iv. <u>Dr. Dennis Phelps, Dr. Charles Waldron, Dr. Fredericks, and Dr. Harbison</u>, addresses and phone numbers previously disclosed, provided medical care and

treatment to Plaintiff following the accident and may testify <u>in person</u> to their clinical treatment, findings, observations and conclusions respecting Plaintiff's injuries and their permanency, costs incurred in the treatment of such injuries, and other pertinent matters as more fully set forth in Plaintiff's expert witness disclosures.

**Defendant may call the following expert witnesses at trial:**

i.   Dr. Dennis Phelps, MD, address and phone number previously disclosed, is a treating medical provider of Plaintiff who will testify in person regarding his medical findings, opinions and treatment. His testimony will be consistent with the medical records disclosed in this case, as well as his background, training and experience.

(3)   Expert witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

<u>None</u>.

## 7.  EXHIBITS

1.   Plaintiff's Trial Exhibit List is attached hereto as **Exhibit 3**.

2.   Defendant's Trial Exhibit List is attached hereto as **Exhibit 4**.

*Copies of listed exhibits must be provided to opposing counsel no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.*

## 8.  DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

An issue has arisen between the parties respecting the lead claim adjuster's ability to testify at trial due to sequelae from an alleged head injury she sustained in a fall approximately one year ago. The parties intend to discuss the issue in greater detail with the Court at the final pretrial conference.

## 10. SETTLEMENT

The undersigned counsel for the parties make the following certifications respecting settlement:

    a.    Counsel for the parties attended a private mediation on August 24, 2017 before Joe Epstein, Esq., Conflict Resolution Services, to discuss settlement of the case.

    b.    The participants in the settlement conference included counsel and party representatives.

    c.    The parties were promptly informed of all offers of settlement, however, a settlement was not reached.

    d.    The parties do not intend to hold future mediations, although they do anticipate continuing settlement discussions.

    e.    It appears from the discussion by all counsel that there is little possibility of settlement.

    f.    Counsel for the parties have considered ADR in accordance with D.C.COLO.LCivR.16.6.

### 11.  OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provisions of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

### 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings

### 13.  TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. Trial in this case will be to a jury.

2. The trial is expected to last five days.

3. The situs of trial is the United States District Court for the District of Colorado.

DATED this _____ day of December, 2017.

-15-

BY THE COURT:

_____
Hon. Kelly H. Rankin
United States Magistrate Judge

APPROVED:

*Attorneys for Plaintiff*

*s/ Michael J. Rosenberg*
Michael J. Rosenberg
Gregory A. Gold
THE GOLD LAW FIRM, L.L.C.
7375 East Orchard Road, Suite 300
Greenwood Village, CO 80111
Phone: (303) 694-4653
Fax: (303) 468-6155
Email: mike@thegoldlawfirm.net
       greg@thegoldlawfirm.net

*Attorneys for Defendant*

*s/ Kurt H. Henkel*
Kurt H. Henkel
TUCKER HOLMES, P.C.
Quebec Centre II, Suite 300
7400 East Caley Avenue
Centennial, CO  80111-6714
Phone:  (303) 694-9300
Fax:  (303) 694-9370
E-mail: khh@tucker-holmes.com