# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

*[handwritten: Final Set of Instructions read to Jury on 10 May 2018 15:42]*

Civil Action No. 16-cv-0964-WJM-CBS

STEVEN POWELL,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.

---

## FINAL JURY INSTRUCTIONS

---

### PART I: GENERAL INSTRUCTIONS & EVIDENTIARY CONSIDERATIONS

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every civil case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  These instructions will be given to you for use in the

jury room, so you need not take notes.[1]

_____

[1] Tenth Circuit Criminal Pattern Jury Instructions § 1.03.

**JURORS' DUTIES**

In reaching your decision as to the facts, it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

You are not to be concerned with the wisdom of any rule of law stated by me. It would be a violation of your oath to base your verdict on anything other than the law as presented in these instructions and the facts as you find them. Counsel may properly refer to some of the governing rules of law in their arguments. If there is any difference between the law as stated by counsel or in the exhibits, and that stated by me in these instructions, my instructions prevail. The law contained in these instructions is the law that must govern your deliberations in this case.

Finally, it is your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.[2]

---

[2] Tenth Circuit Criminal Pattern Jury Instructions § 1.04; Stipulated Instruction ##6, 10.

## EVIDENCE—DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  ~~I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.~~  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.[3]

---

[3] Tenth Circuit Criminal Pattern Jury Instructions § 1.06; Stipulated Instruction #3.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.[4]

---

[4] Tenth Circuit Criminal Pattern Jury Instructions § 1.07; Stipulated Instruction ##3, 4.

## PREPONDERANCE OF THE EVIDENCE

The Plaintiff has the burden in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence.  If the Plaintiff fails to establish any essential element of his claim by a preponderance of the evidence against ~~any~~ *the* Defendant, you should find for ~~that~~ *the* Defendant.  (WJM)

The Defendant similarly has the burden of proving each of its affirmative defenses by a preponderance of the evidence.

"A preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of which party offered the exhibit into evidence.[5]

---

[5] 3 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions: Civil, § 104:01 (6th Ed.) (2011) (modified); Stipulated Instruction #1.

## JUROR'S FINDINGS—PROBABILITIES

Any finding of fact you make must be based on probabilities, not possibilities.

You should not guess or speculate about a fact.[6]

---

[6] CJI-Civ. 3.4; Stipulated Instruction #2.

## CREDIBILITY OF WITNESSES

As I previously instructed you, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions:

- Did the witness impress you as honest?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome in this case?

- Did the witness have any relationship with either party?

- Did the witness seem to have a good memory?

- Did the witness clearly see or hear the things about which he/she testified?

- Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from the testimony of other witnesses?

When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in

8

this case, do not make any decisions simply because there were more witnesses on

one side than on the other.[7]

.

---

[7] Tenth Circuit Criminal Pattern Jury Instructions § 1.08 (modified); Stipulated Instruction #8, as modified by the Court.

## **EXPERT TESTIMONY**

A witness qualified as an expert by education, training, or experience may state opinions. You should judge expert testimony just as you would judge any other testimony.  You may accept it or reject it, in whole or in part.  You should give the testimony the importance you think it deserves, considering the witness's qualifications, the reasons for the opinions, and all of the other evidence in the case.[8]

---

[8] CJI-Civ 3:15 (2017); Stipulated Instruction #7.

## **PRIOR INCONSISTENT STATEMENTS**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony.  If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

For purposes of this instruction, an act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.[9]

---

[9] 3 Fed. Jury Prac. & Instr. § 105:04 (6th ed.).

## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.[10]

---

[10] 3 Fed. Jury Prac. & Instr. § 104.54 (5th ed.); Stipulated Instruction #5, as modified by the Court.

## **LAWYERS' OBJECTIONS**

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.[11]

---

[11] Sixth Circuit Criminal Pattern Jury Instructions § 1.09.

## **STIPULATIONS**

You have heard me say that the parties have stipulated to certain facts.  This agreement makes the presentation of any evidence to prove this fact unnecessary.  The agreement means that you must accept this fact as true.

The stipulated facts are as follows:

1.     On August 5, 2014, Plaintiff Steven Powell was involved in an automobile vs. motorcycle accident with a vehicle driven by Jose Baca.

2.     At the time of the August 5, 2014 collision, the Plaintiff was covered under Allstate Fire & Casualty Insurance Company Policy number 964 801 042, for Uninsured/Underinsured Motorists ("UM/UIM") bodily injury coverage, with policy limits of $100,000 each person/$300,000 each occurrence.

3.     The Defendant has not made any payments under automobile policy number 964 801 042.[12]

4.     The Plaintiff is not seeking any damages intended as compensation for a potential future knee replacement surgery.[13]

---

[12] CJI-Civ. 1:13; Final Pretrial Order.

[13] Agreement in open court during the Defendant's oral Rule 50 motion.

## EQUAL STANDING

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A company is entitled to the same fair trial as a private individual. All parties, including companies, stand equal before the law, and are to be treated as equals.[14]

---

[14] 3 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions: Civil, § 103:12 (6th Ed.) (2011); Defendant's Disputed Instruction #3.

## PART II: ELEMENTS OF CAUSE OF ACTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.  Now I will explain the elements of the claims at issue here.

## **BREACH OF CONTRACT**

For the Plaintiff to recover from the Defendant on his claim for breach of contract, you must find that all of the following have been proved by a preponderance of the evidence:

1.  The Plaintiff had injuries, damages, or losses;

2.  Jose Baca was negligent;

3.  Jose Baca's negligence was a cause of the Plaintiff's injuries, damages or losses; and

4.  Jose Baca's negligence, stated as a percentage, was greater than the percentage of negligence, if any, which you attribute to the Plaintiff.  How you should go about deciding whether Plaintiff was also negligent is explained in later instructions.

If you find that any one or more of these four statements has not been proved, then your verdict must be for the Defendant on this claim.[15]

---

[15] CJI-Civ. 9:22 (2017) (modified); Stipulated Instruction #20, as modified by the Court. This instruction reflects the specific circumstances of this case.  It is not a typical breach of contract instruction.

## BREACH OF CONTRACT—DAMAGES

The Plaintiff has the burden of proving, by a preponderance of the evidence, the nature and extent of his damages on his claim for breach of contract.  If you find in favor of the Plaintiff, you must determine the total dollar amount of the Plaintiff's damages, if any, which were caused by the negligence of Jose Baca.

In determining such damages, you shall consider the following:

1.  Any noneconomic losses or injuries which the Plaintiff has had to the present time or which the plaintiff will probably have in the future, including: physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life.

2.  Any economic losses or injuries which the Plaintiff has had to the present time or which the Plaintiff will probably have in the future, including: loss of earnings or damage to his ability to earn money in the future, and reasonable and necessary medical, hospital, and other expenses.

3.  Any physical impairment or disfigurement.[16]

These three categories are mutually exclusive.  If you award damages for an injury in one category, do not award damages for that same injury in another category.

---

[16] CJI-Civ. 6:1 (2017) (modified); Stipulated Instruction #15, as modified by the Court.

## **SETTLEMENT OFFER**

If an insurer makes a settlement offer to an insured, the amount of that offer cannot be considered as an admission by the insurer that the amount offered represents an amount of undisputed benefits owed to the insured.[17]

---

[17] *Fisher v. State Farm Mut. Auto. Ins. Co.*, 2015 COA 57, ¶ 15; *Williams v. Owners Ins. Co.*, 621 F. App'x 914, 920 (10th Cir. 2015); Defendant's Disputed Instruction #7.

## COMPARATIVE NEGLIGENCE—PLAINTIFF

The affirmative defense of the comparative negligence of the Plaintiff is proved if you find all of the following by a preponderance of the evidence:

1. The Plaintiff was negligent; and

2. The negligence of the Plaintiff was at least one of the causes of the Plaintiff's own claimed injuries, damages, or losses.[18]

---

[18] CJI-Civ. 9:23 (2017); Stipulated Instruction #21, as modified by the Court.

## **NEGLIGENCE**

Negligence means a failure to do an act which a reasonably careful person would do, or the doing of an act which a reasonably careful person would not do, under the same or similar circumstances to protect oneself or others from bodily injury.[19]

---

[19] CJI-Civ. 9:6 (2017); Stipulated Instruction #17.

## LEFT-TURN STATUTE

At the time of the accident in question in this case, the following statute of the

State of Colorado was in effect:

> 42-4-702. Vehicle turning left.
>
> The driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

A violation of this statute constitutes negligence.

If you find such a violation, you may only consider it if you also find that it was a

cause of the claimed injuries, damages, or losses.[20]

---

[20] CJI-Civ. 9:14 (2017); Stipulated Instruction #18.

## **SPEED LIMIT STATUTE**

At the time of the accident in question in this case, the following statute of the

State of Colorado was in effect:

> 42-4-1101. Speed limits.
>
> No person shall drive a vehicle on a highway at a speed
> greater than is reasonable and prudent under the conditions
> then existing.  Except when a special hazard exists that
> requires a lower speed, the following speeds shall be
> lawful:… Any speed not in excess of a speed limit
> designated by an official traffic control device.

A violation of this statute constitutes negligence.

If you find such a violation, you may only consider it if you also find that it was a

cause of the claimed injuries, damages, or losses.[21]

---

[21] CJI-Civ. 9:14 (2017); Defendant's Disputed Instruction #1.

## **CAUSE**

The word "cause" as used in these instructions means an act or failure to act which in natural and probable sequence produced the claimed injury.  It is a cause without which the claimed injury would not have happened.[22]

---

[22] CJI-Civ. 9:18 (2017); Stipulated Instruction #19.

## COMPARATIVE NEGLIGENCE—PLAINTIFF & JOSE BACA

If you find the Plaintiff was damaged and that the Plaintiff's damages were caused by both his own negligence and the negligence of Jose Baca, then you must determine to what extent the negligent conduct of each contributed to the damages of the Plaintiff, expressed as a percentage of 100 percent.

If you find that both the Plaintiff and Jose Baca were negligent and that the negligence of the Plaintiff was equal to or greater than the negligence of Jose Baca, then the Plaintiff will not be allowed to recover from the Defendant on his claim for breach of contract.

On the other hand, if you find that both the Plaintiff and Jose Baca were negligent and that the negligence of Jose Baca was greater than the negligence of the Plaintiff, then the Plaintiff may be allowed to recover from the Defendant on his claim for breach of contract.

If the Plaintiff is allowed to recover, the total damages you award will be reduced by the Court by the percentage of the Plaintiff's negligence.[23]

---

[23] CJI-Civ. 9:26 (2017) (modified); Stipulated Instruction #22.

## BAD FAITH BREACH OF INSURANCE CONTRACT

An insurance company owes to those it insures the duty of good faith and fair dealing. That duty is breached if the company acts unreasonably in its handling of the insurance claim and the company knows that its handling is unreasonable or recklessly disregards whether its handling is unreasonable.

For the Plaintiff to recover from the Defendant on his claim of bad faith breach of insurance contract, you must find all the following have been proved by a preponderance of the evidence:

1.  The Plaintiff had injuries, damages or losses;

2.  The Defendant acted unreasonably in its handling of the Plaintiff's claim for underinsured motorist benefits;

3.  The Defendant knew that its conduct was unreasonable or recklessly disregarded the fact that its conduct was unreasonable; and

4.  The Defendant's unreasonable conduct was a cause of the Plaintiff's injuries, damages or losses.

If you find that any one or more of these statements has not been proved, then your verdict must be for the Defendant on this claim.

On the other hand, if you find that all of these statements have been proved, then your verdict must be for the Plaintiff on this claim.[24]

---

[24] CJI-Civ. 25:2, 25:8 (2017) (modified); Stipulated Instruction ##23, 27, as modified by the Court.

**UNREASONABLENESS**

"Unreasonable conduct" means the failure to do an act that a reasonably careful insurance company would do, or the doing of an act that a reasonably careful insurance company would not do, under the same or similar circumstances, to protect the persons insured from injuries, damages or losses.

"Unreasonable position" means a position taken by an insurance company with respect to a claim being made on one of its policies that a reasonably careful insurance company would not take under the same or similar circumstances.[25]

---

[25] CJI-Civ. 25:3 (2017); Stipulated Instruction #24.

## **RELEVANT TIME FRAME**

The reasonableness of the Defendant's conduct should be determined based on

the information before it during its handling of the Plaintiff's claim.[26]

---

[26] *Anderson v. State Farm Mut. Auto. Ins. Co.*, 416 F.3d 1143, 1147–48 (10th Cir. 2005); *Peiffer v. State Farm Mut. Auto. Ins. Co.*, 940 P.2d 967, 970 (Colo. App. 1996); Defendant's Disputed Instruction #11, as modified by the Court.

## **RECKLESS DISREGARD**

An insurance company recklessly disregards the unreasonableness of its conduct or position when it acts or takes a position with knowledge of facts that indicate that its conduct or position lacks a reasonable basis or when it is deliberately indifferent to information concerning the claim.[27]

---

[27] CJI-Civ. 25:7 (2017); Stipulated Instruction #26.

## **EVIDENCE OF REASONABLENESS**

The reasonableness of the Defendant's conduct in Colorado is measured

objectively based on industry standards.[28]

---

[28] *Goodson v. American Std. Ins. Co.,* 89 P.3d 409, 415 (Colo. 2004), *citing Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1275 (Colo. 1985); Defendant's Disputed Instruction #4, as modified by the Court.

## **BAD FAITH—DAMAGES**

The Plaintiff has the burden of proving, by a preponderance of the evidence, the nature and extent of his damages on his claim for bad faith breach of insurance contract.  If you find in favor of the Plaintiff on this claim, you must determine the total dollar amount of the Plaintiff's damages, if any, that were caused by the Defendant.

In determining these damages, you shall consider any noneconomic losses or injuries which the Plaintiff has had to the present time or which the Plaintiff will probably have in the future, including: pain and suffering, inconvenience, emotional stress and impairment of the quality of life.[29]

---

[29] CJI-Civ. 25:9 (2017) (modified); Stipulated Instruction #28.

## UNREASONABLE DELAY OR DENIAL

For the Plaintiff to recover from the Defendant on his claim of unreasonable delay or denial in payment of benefits, you must find all the following have been proved by a preponderance of the evidence:

1.    The Defendant delayed or denied payment of benefits to the Plaintiff; and

2.    The Defendant's delay or denial of payment was without a reasonable basis.

If you find that either of these statements has not been proved, then your verdict must be for the Defendant on this claim.

On the other hand, if you find that both of these statements have been proved, then your verdict must be for the Plaintiff on this claim.[30]

---

[30] CJI-Civ. 25:4 (2017); Stipulated Instruction #25, as modified by the Court.

## UNREASONABLE DELAY OR DENIAL—DAMAGES

The Plaintiff has the burden of proving, by a preponderance of the evidence, the extent of his benefits that were improperly delayed or denied.  If you find in favor of the Plaintiff on his claim under the previous instruction, you must determine the total dollar amount of the benefits for which payment was delayed or denied without a reasonable basis.[31]

`

---

[31] CJI-Civ. 25:10 (2017); Stipulated Instruction #29.

## **DAMAGES—DIFFICULTY OR UNCERTAINTY**

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount.  You should use your best judgment based on the evidence.[32]

---

[32] CJI-Civ 5:6 (2017); Stipulated Instruction #14.

## <u>DAMAGES—NO INFERENCE FROM INSTRUCTIONS</u>

The fact that an instruction on measure of damages has been given to you does not mean that the Court is instructing the jury to award or not to award damages. The question of whether or not damages are to be awarded is a question for the jury's consideration.[33]

---

[33] CJI-Civ. 5:1; Stipulated Instruction #13.

## **ACTS OF EMPLOYEES MAY BE ACTS OF THE CORPORATION**

The Defendant is a corporation and can act only through its officers and employees. Any act or omission of an officer or employee while acting within the scope of his or her employment is the act or omission of the Defendant.

An employee is acting within the scope of his or her employment when the employee is doing work that is:

1.   Assigned by his or her employer; or

2.   Proper, usual, and necessary to accomplish the assigned work; or

3.   Customary in the particular trade or business to accomplish the assigned work.[34]

---

[34] CJI-Civ 8:8 & 8:23 (2017); Stipulated Instruction #16.

## **PART III: DELIBERATION AND VERDICT FORM**

That concludes the part of my instructions explaining the law that applies in this case.  Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

## DUTY TO DELIBERATE

After the parties' closing statements, the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.

To reach a verdict, whether for the Plaintiff or the Defendant, all of you must agree.  Your verdict must be unanimous.  Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

The Court has prepared a Verdict Form for your convenience.  It reads as follows:

**[Explain the Verdict Form]**

After you have deliberated and consulted with each other, the foreperson will

write the unanimous answer of the jury in response to each question on the Verdict

Form.  At the conclusion of your deliberations, the foreperson should date and sign the

Verdict Form.

Only one copy of this Verdict Form will be provided to you.  If you make an error

on the Form, please tell the bailiff.  The bailiff will destroy the erroneous form and a

blank form will be provided.[35]

---

[35] Tenth Circuit Pattern Jury Instructions—Criminal § 1.23 (2011) (modified); Stipulated Instruction #11, as modified by the Court.

## COMMUNICATION WITH THE COURT

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the bailiff, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

There may be some questions that, under the law, I am not permitted to answer. If it is improper for me to answer the question, I will tell you that. Please do not speculate about what the answer to your question might be or why I am not able to answer a particular question.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.[36]

---

[36] Tenth Circuit Pattern Jury Instructions—Criminal § 1.44; CJI-Civ 4:2A (2017); Stipulated Instruction #12, as modified by the Court.